UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 00-6052 CIV-FERG

LARRY LEE DEROSE,                    :

          Movant,                    :          MAGISTRATE JUDGE
                                                SNOW
v.                                   :

UNITED STATES OF AMERICA,  :

          Respondent.                :
_____/



## MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

Movant, Larry Derose, through counsel and pursuant to 28 U.S.C. § 2255, hereby moves to vacate his sentence as an armed career criminal in the instant case, and in support of the motion states:

### Summary of Grounds for Relief

In this Circuit, where a defendant can demonstrate that a prior criminal conviction, relied upon as the basis for a sentence enhancement under a recidivist sentencing provision, was unconstitutionally obtained, he has the right to habeas relief as to the enhanced sentence, such that he should be resentenced without the enhancement.  Pursuant to Custis v. United States, 114 S.Ct. 1732, 1747 n.7 (1994); Maleng v. Cook, 490 U.S. 488 (1989), Harper v. Evans, 941 F.2d 1538, 1539 (11th Cir. 1991), and Battle v. Thomas, 923 F.2d 165, 166 (11th Cir. 1991), where a habeas petitioner can show that the predicate prior convictions are constitutionally invalid, the enhanced sentence must be vacated.  The enhanced sentence in this case, imposed under 18 U.S.C. § 924(e),

the Armed Career Criminal Act, was predicated on unconstitutionally-obtained state court convictions. The prior convictions are invalid based on the violation of Derose's rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969) in the entry of a plea that was neither knowing nor voluntary and that was lacking in procedural safeguards. Specifically, the state court judge failed to inform Mr. Derose of, and determine that he understood, the nature of the charges. Further, in failing to advise Mr. Derose of the maximum and minimum penalties, Mr. Derose did not have an understanding of the consequences of his plea. Additionally, the state court judge failed to inform Mr. Derose of his right to enter a not guilty plea and persist in that plea and further Derose was not informed that he had the right to assistance of counsel at a jury trial. For those reasons, the enhanced sentence in the instant case should be vacated by this Court.

### **Factual Background**

On March 2, 1998, an indictment was returned in this case charging Larry Derose with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Derose was accused of selling a gun to a pawnshop in August of 1997. On October 14, 1998, Derose pled guilty. The government filed a notice of enhancement stating that Derose's criminal history qualified him as an armed career criminal pursuant to 18 U.S.C. § 924(e). A presentence investigation report (PSI) concluded likewise that Derose qualified as an armed career criminal. Derose opposed the enhancement objecting on the basis that the prior felony convictions on which the government relied had been unconstitutionally obtained and were invalid. A transcript of the plea colloquy of the objectionable state court convictions was attached to Derose's objections to the PSI. The government did not dispute Derose's claims.

The state court plea colloquy (attached hereto as Exhibit A) reveals a host of constitutional

2

defects. Initially it should be noted that the state court proceeding was awash with confusion as attempts were made to determine which of Derose's cases were before which judge and who should be hearing each case. The proceeding began as follows:

| | |
|---|---|
| The Court: | Larry Derose. |
| Mr. Malpas: | Hey. |
| The Court: | Larry Derose, do you have a lawyer? |
| Mr. Malpas: | A public defender. A public defender was assigned to Mr. Derose in Judge Korda's case, in Judge Korda's court, and he's up here for a first hearing. |

Remarkably, the assigned public defender never appeared and Mr. Malpas appeared to stand in as Derose's counsel. Thereafter, the following ensued:

| | |
|---|---|
| Mr. Weigel: | They gave me the files, Judge. He scores three years with the bump. They're offering three years. |
| The Court: | Does he want that? |
| Mr. Malpas: | Yes. |
| The Court: | Swear him in. |

(Thereupon, the Defendant, Larry Derose, was duly sworn to testify upon his oath.)

The judge did not at that point or at any time ask Derose if it was his intention or desire to plead guilty. Additionally, the judge never apprised Derose of the fact that he had a right to persist in his plea of not guilty. In short, no choice was offered to Mr. Derose.

Next, the state court judge conducted what little colloquy existed regarding the nature of the charges:

| | |
|---|---|
| The Court: | I have the two cases. What is the probation number? |

Mr. Weigel:     19627.

The Court:     19 –

Mr. Weigel:     87-19627.

The Court:     All right.  Now, what is the charge there?

Mr. Malpas:     It's a violation of probation for possession of cocaine.

The Court:     All right.  Mr. Derose do you understand what you're doing?

The Defendant:          Yes, sir.

Mr. Malpas:     There is a substantive case.  He's already been arraigned.

The Court:     So Larry, you've got two cases with burglary of a structure.  It gets more complicated.

Mr. Malpas:     Judge, just one on the case that he's been arraigned on.

The Court:     I have two '88 cases.

Mr. Malpas:     There's a third '88 case.  I have the number for you.

The Court:     Do you know about this?

Mr. Weigel:     No.  They only gave me two.

The Court:     Let Judge Korda handle this.  This is getting too complicated for me. Three burglaries.

Mr. Malpas:     88-8346.  And Judge, it's also a burglary.

The Court:     Burglary of a structure, grand theft.  Did you know that?

Mr. Weigel:     I didn't know that.

The Court:     Well, does he fall in the same category?  Probably not.

Mr. Weigel:     Was the structure occupied or not?

Mr. Malpas:     Unoccupied.

4

Mr. Weigel:     He'll fall the same.

The Court:      Are you sure?

Mr. Weigel:     It only adds two more points.

The Court:      How can two more felonies add two more points?

Mr. Weigel:     That's all.  So he'll go from 62 points to 64 and it's the same.

The Court:      What are you offering?

Mr. Weigel:     Three years with a bump.

The Court:      Do you have all the files?

Mr. Weigel:     I don't have all the files.  I have two out of the three.

The Court:      Are you ready to go ahead even though you don't have all the files?

Mr. Weigel:     Sure.

The Court:      Mr. Derose, do you understand what you're doing?

The Defendant:      Yes, sir.

Later in the colloquy:

The Court:      Are you guilty in Case 88-8346 of burglary and grand theft?

The Defendant:      Yes.

The Court:      In Case 88-10739 are you guilty of burglary of a structure?

The Defendant:      Yes.

The Court:      In Case no. 88-9565 are you guilty of burglary and grand theft?

The Defendant:      Yes.

The Court:      Based upon your plea of guilty, the Court adjudicates you guilty on each and every count.  Is there any legal reason why sentence can not be imposed?

Page 2-4, Exhibit A.

There was no description of the cases at any time by the judge or anyone else during the colloquy other than the general statement "burglary of a structure, grand theft." There was no summary of the case or cases nor any factual recitation of the cases. There was never any indication as to which specific cases Derose was pleading guilty to other than a reference to title and case numbers. No clarification was ever made as to whether Derose was pleading guilty to Judge Franza cases or Judge Korda cases or what those cases specifically entailed. Needless to say the judge never read to Derose from any charging document, either an information or an indictment. Furthermore, there was no statement by the judge to Derose apprising him that he is entitled to counsel at a jury trial.

Finally, the consequences of Derose's decision to plead guilty were not adequately explained. There was no statement of the minimum or maximum penalties. There was only the statement from the prosecutor that "He scores three years with the bump. They're offering three years." There was no indication what the three years refers too; imprisonment or probation. It was further unclear what "three years with the bump" meant.

Prior to sentencing Derose filed a written objection to the government's notice of intent to seek an 18 U.S.C. § 924(e) sentence enhancement. Derose explained that the government's notice of enhancement listed various convictions that did not qualify as predicate offenses under 18 U.S.C. § 924(e) for enhancement. Specifically, Derose noted the following non-qualifying convictions: possession of cocaine in case no. 87-19627CF10; possession of cocaine in case no. 95-2819CF and purchasing cocaine in case no. 96-1555CF10A. These offenses do not qualify as serious drug offenses as defined in 18 U.S.C. § 924(e)(2)(A)(i) and (ii). Derose then argued that the following

convictions were unconstitutionally obtained in violation of his due process rights:  burglary of a

structure in case no. 88-9565CF10; burglary of a structure in case no. 88-10739CF10A; burglary in

case no. 88-8346CF10A.  Derose then pointed out that the remaining convictions outlined in the

notice of enhancement and the PSI (burglary in case no. 90-1010CF10 and possession of cocaine

with intent to deliver in case no. 91-22467CFB) were insufficient to support an enhanced sentence

pursuant to the Armed Career Criminal provision as three qualifying convictions are mandated.

At the sentencing hearing (a transcript of which is attached hereto as Exhibit B), this court

determined, reluctantly, that pursuant to Custis v. United States, 114 S.Ct. 1732 (1999), Derose

could not challenge defects in the prior convictions at sentencing.  However, the court appeared to

welcome a subsequent habeas challenge.

Mr. Day:    Yes, we have.  I have indicated to the Court that the United States
Supreme Court case of Custus precludes me from arguing that in this
proceeding, but I do think I do need to make the technical objections
so the record is preserved, because I do want the Court to know we
will be coming back in a Federal habeas proceeding.

The Court:    I think that is the approach to the collateral attack.

Page 3 Exhibit B.  Later in the sentencing hearing:

The Court:    It seems if even if I made that determination that his criminal history
is over represented by the calculations, then he still has the mandatory
minimum with respect to that.

Mr. Day:    That's correct, but as I said, this is not our last day in Court.  He will
be coming back to you.  I think at that time, once, because if you take
the constitutionally defective priors, and I will not go into that.  You
set those aside.  The armed career statute does not apply.  The number
of requisite priors are not there if you delete the constitutionally
defective ones.

Then we will be in a situation where we can come back before the
Court and argue.

7

I have attempted to have the Government resolve this in some
fashion. Other than this, its been spurned in every attempt. I don't
think this is a proper use of the armed career criminal statute. There
is nothing we can do.

The Court:    I would tend to agree. I think you understand I can't fight with the
record as it comes before me now. His history is totally a non violent
history. 22 points is extremely high on the nature of his offenses.

Page 6 of Exhibit B. Finally, after a discussion of Derose's drug problem and as the government

defended its decision to proceed against Mr. Derose as an armed career criminal, the government,

through AUSA Don Chase, stated, "If he can't address the problem, then the government will." The

Court responded by stating:

The Court:    Just how much time does it take to address the problem? Does it take
the rest of his life in prison in order to address his drug problem? Of
course not. I think it borders on the ludicrous.

Page 7 of Exhibit B.

Over defense objection, this court then sentenced Derose to 180 months imprisonment

followed by 3 years of supervised release. A judgment and commitment order was executed January

14, 1999. This motion is timely pursuant to 28 U.S.C. § 2255(1).

## Memorandum of Law

**A.    Failure to inform defendant of, and determine that the defendant
understood the nature of the charges.**

If a defendant's guilty plea is not voluntary and knowing, it has been obtained in violation

of due process and is therefore void. McCarthy v. United States, 394 U.S. 459, 466 (1969). Further,

because a guilty plea is an admission of all elements of a formal criminal charge, it cannot be truly

voluntary unless the defendant possesses an understanding of the law in relation to the facts. Id. at

466.

Moreover, for a guilty plea to be entered knowingly, intelligently, and voluntarily, a defendant must have "real notice of the true nature of the charge[s] against him, the first and most universally recognized requirement of due process." Henderson v. Morgan, 426 U.S. 637, 645 (1976); LoConte v. Dugger, 847 F.2d 745, 751 (11th Cir. 1988). "Notice of the true nature of the charges" means more than knowing the mere "title" of the offenses with which one is charged. The defendant must understand the elements of each offense. See Henderson, 426 U.S. at 646. While "[s]tate trial courts need not specifically address each individual element required under a state statue in order to accept a guilty plea," Moore v. Balkcom, 716 F.2d 1511 (11th Cir. 1983), the "record must contain some evidence that [the] defendant was informed of [the] elements of [the] crime or some representation by counsel concerning the information which the defendant received." Id. (citing Burden v. Alabama, 584 F.2d 100, 102 (5th Cir. 1978). Here, there is no indication in the record that the criminal information, containing the actual charges, was read to the defendant at any time. There certainly was no statement of the elements of any charge.

In United States v. Franklin, 972 F.2d 1253 (11th Cir. 1992), vacated on other grounds, 5 F.3d 1383 (11th Cir. 1994), the court explained the nature of the showing a defendant must make to establish that a prior conviction was based on an invalid plea colloquy. Although the Franklin decision lacks precedential value, it is illustrative of the examination of the record required where a defendant challenges the underlying state court plea colloquy. In Franklin, where the defendant was advised by the judge that the charges were burglary and arson and counsel stated he explained the nature of the charges to the defendant, the court noted that there was "nothing in the record affirmatively showing that the indictment was read to the appellant in court, nor the evidence the state would proffer, nor that there was further colloquy between the court and the appellant nor the

9

attorneys concerning these offenses." Id. at 1256. Based on the record evidence of an inadequate

plea, the court held that the resulting prior convictions could not be used for statutory sentence

enhancement. "[T]he record, at a minimum, should reflect that the indictment was read to him and

that he understood the charges." Id. at 1258 (citing Moore v. Balkcom, 716 F.2d 1511, 1526 (11th

Cir. 1983) and Stano v. Dugger, 921 F.2d 1125 (11th Cir. 1991) (en banc), cert. denied, 111 S.Ct.

767 (1991)). Reversing the district court's enhancement of Franklin's sentence, the court held that

the record did "not reflect the appellant could have knowingly and voluntarily pled to each of the

burglary and arson charges that the government relied upon as prior convictions." Id. at 1258. See

also United States v. Quinones, 97 F.3d 473, 475 (11th Cir. 1996) (court failed to address core

concern of ensuring defendant understood nature of charges against him and violated defendant's

substantial rights where even though defendant reviewed indictment and government proffered facts

in support thereof, record did not indicate defendant knew or understood nature of firearm charge,

including the elements).

Derose's plea colloquy, in comparison to that in Franklin and Quinones, was even more

inadequate and it failed to protect Derose's constitutional rights. There is nothing in the colloquy

to suggest in the slightest way that Derose had an understanding of the true nature of the charges he

pled guilty to. There was no reading of the formal charge to Derose. There was no factual proffer

offered by the prosecution. There was no colloquy between the judge and Derose concerning the

factual nature of the charges. There was no explanation or even a hint of an indication of the

elements of the offenses. There was no indication that the apparent stand-by counsel apprised

Derose of the nature of the charges or if counsel himself even knew. It does not even appear that the

prosecutor was aware of the nature of the charges as he did not have his files. As indicated, the

10

~~judge himself was confused and may not have been aware of the specifics of the charges.~~ The colloquy merely contains a statement by the judge of the titles of the offenses and later in the proceeding a general statement by Derose that he understood. This is insufficient. Gaddy v. Linaham, 780 F.2d 935, 945 (11th Cir. 1986) (conclusory responses by a defendant and his counsel to a court's inquiry whether the defendant understands the charge is not sufficient to establish that the defendant actually has knowledge and understanding of the charges pled to).

The instant plea colloquy does not pass constitutional muster. Pursuant to the above cited authorities, the pleas were taken in violation of the due process clause. They are void and cannot stand.

**B.      The state court did not advise Derose of the maximum penalties
for burglary and grand theft and therefore Derose did not have
an understanding of the consequences of his plea.**

In order for a guilty plea to be deemed voluntary, a defendant must understand the consequences of his plea. Boykin v. Alabama, 395 U.S. 238, 244 (1969); LoConte, 847 F.2d at 745. Undoubtedly, the most important consequence of a plea is that a defendant will be sentenced, and therefore, "the failure of the trial court to assure itself with respect to ascertaining whether the accused knew the outer limits of the penalty he could suffer upon entering the plea, is inconsistent with due process of law." Wade v. Wainwright, 420 F.2d 898 (5th Cir. 1969); see also Horace v. Wainwright, 781 F.2d 1558, 1564-1565 (11th Cir. 1986) (reversing denial of habeas corpus relief where there was no proof in the record that the petitioner knew of the outer limits of the sentence he could receive); Lewellyn v. Wainwright, 593 F.2d 15, 17 (5th Cir. 1979) (defendant's ignorance of sentence he could receive upon entering plea, rendered plea involuntary and invalid under the due process clause).

Here, the trial court never at any time advised Derose of the maximum penalties for burglary and grand theft. Nor is there any evidence of record that Mr. Derose was so advised by counsel prior to the plea hearing. Additionally, there was no written plea agreement delineating the maximum and minimum penalties. See United States v. Siegel, 102 F.3d 477 (11th Cir. 1996) (in identifying three core concerns of Rule 11 that (1) the guilty plea be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must understand the consequences of his guilty plea, the court vacated pleas based on sentencing courts failure to inform defendant of maximum and mandatory minimum sentences). See also United States v. Hourihan, 936 F.2d 508, 511 (11th Cir. 1991); United States v. Bell, 776 F.2d 965, 968 (11th Cir. 1985); United States v. Payton, 604 F.2d 931, 935 (5th Cir. 1979).

In the instant case there was no statement by the court that the maximum penalty for burglary is 15 years imprisonment or 5 years imprisonment for burglary of a structure and 5 years imprisonment for grand theft. The only allusion to any penalty expressed during the colloquy is the judge asking the prosecutor what he was offering and the prosecutor responding "he scores three years with a bump. They're offering three years." When asked again the prosecutor states that he is offering, "three years with a bump." What constitutes three years with a bump is anybody's guess. Is it three years probation, is it 3 years imprisonment? Is it three years of a suspended sentence? There are certainly varying interpretations of what the plea offer actually is. However, the offer of three years with a bump is not really open to interpretation. It is just plainly and simply a mystery. Regardless, there was never a statement of the possible minimum and maximum penalties. Accordingly, Derose was never apprised of the consequences of his guilty plea and the convictions on that basis alone are void.

12

**C.    Failure to inform the defendant that he has a right to plead not guilty or to persist in that plea if it has been made and that at trial he has the right to the assistance of counsel.**

A defendant who enters a guilty plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment or abandonment of a known right or privilege." McCarthy v. United States, 394 U.S. 459, 466 (1969) citing Johnson v. Zerbst, 304 U.S. 458, 464 (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing it has been obtained in violation of due process and is therefore void. Id. at 466.

Moreover, plea bargaining is permissible but passes constitutional muster only if it is voluntary. Fed. R. Crim. P. 11(c) imposes strict procedural requirements to keep plea bargaining within acceptable constitutional standards. United States v. Adams, 566 F.2d 962, 966 (5th Cir. 1978). Fed.R.Crim.P. 11(c)(3) states in pertinent part:

> **(c) Advice to Defendant.** Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> **(3)** that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination.

In the state court plea colloquy, Mr. Derose was never informed that he had a right to plead not guilty and to persist in that plea. In fact, Derose was never asked if it was his intention or desire to plead guilty. Derose was never presented with a choice of pleading guilty or persisting in his not

13

~~guilty plea. The only statement offered by the court regarding a plea was "Does he want that," which~~ was directed to stand-by counsel. Derose was never addressed personally in this regard. Furthermore, Mr. Derose was never told that he had a right to have the assistance of counsel at a jury trial as required by Rule 11.

While it is acknowledged that not every violation of Rule 11 is an error of constitutional proportion, as previously established the plea must be knowing and voluntary. Mr. Derose's attorney was apparently in another courtroom and stand-by counsel stood in. Without any inquiry of Mr. Derose a plea colloquy began wherein Derose was never told he had a choice of a plea or that if he chose a trial, counsel would assist him. The failure to inform Derose thus rendered the proceeding involuntary and the convictions void.

### Conclusion

In sum, in the state court plea colloquy, confusion ruled the proceeding. Mr. Derose was never informed of the nature of the charges. There was absolutely no effort to determine whether he understood the charges. Further, the state court judge did not advise Derose of the maximum and minimum penalties of the charges and left Mr. Derose without an understanding of the consequences of the plea. These are the absolute minimum prerequisites to ensuring that a plea is knowing and voluntary. If these basic constitutional requirements are not met, the plea is a violation of due process and the convictions are void. Finally, the court did not inform Mr. Derose of his right to plead not guilty and to persist in that plea and that at a trial he had a right to the assistance of counsel. Likewise, this rendered the plea involuntary.

Therefore, the movant Larry Derose requests that this court vacate his enhanced sentence pursuant to 28 U.S.C. § 2255 and resentence him without regard to the enhancement provision.

WHEREFORE, the Defendant Larry Lee Derose respectfully requests that this vacate his sentence pursuant to 28 U.S.C. § 2255.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By:_____
            Timothy M. Day
            Assistant Federal Public Defender
            Florida Bar No. 360325
            Attorney for Defendant
            101 N.E. 3rd Avenue, Suite 202
            Fort Lauderdale, Florida 33301
            (954) 356-7436 / (Fax) 356-7556

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the aforementioned motion was mailed on this \_\_day of January, 2000, to Donald Chase, Assistant United States Attorney, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

_____
            Timothy Day

s:\day\motions\derose.vac

```
1      State of Florida    )
                           )    SS;   Arthur J. Franza, Judge
2      County of Broward   )

3

4
                         IN THE CIRCUIT COURT
5              OF THE 17TH JUDICIAL CIRCUIT

6      State of Florida,              :
                                      :
7              Plaintiff,             :
                                      :
8      vs.                            :        No. 87-19627CF10
                                      :        No. 88-10739CF10
9      Larry L. DeRose,               :        No. 88-8346CF10
                                      :        No. 88-9565CF10
10             Defendant.             :

11

12             Proceedings had and taken before the Honorable

13     Arthur J. Franza, one of the Judges of said Court, at

14     the Broward County Courthouse, commencing at or about

15     11:30 a.m., June 13, 1988, in the City of Fort Lauderdale,

16     County of Broward, State of Florida, and being a change

17     of plea and sentencing.

18

19
       APPEARANCES:
20             DAVID C. WEIGEL, ESQUIRE,
```

COPY

EXHIBIT
A



22
23     GENE L. PAS, ESQUIRE,
       Assistant Public Defender,
       Appearing on behalf of the Defendant.
24
25

RECORD REPORTING SERVICE, OFFICIAL CIRCUIT COURT REPORTERS

2

1    Thereupon:

2            THE COURT:  Larry DeRose.

3            MR. MALPAS:  Hey.

4            THE COURT:  Larry DeRose, do you have a lawyer?

5            MR. MALPAS:  A public defender.  A public defender was

6    assigned to Mr. DeRose in Judge Korda's case, in Judge Korda's

7    court, and he's up here for a first hearing.

8            THE COURT:  Who is he on probation to?

9            MR. MALPAS:  Judge Korda.

10           On Friday, if you remember, we tried to plead him out but

11   didn't have the score sheet finished, so you said to come back

12   Monday.

13           THE COURT:  Why, if Judge Korda's people want to plead

14   him out, don't they?

15           MR. WEIGEL:  They gave me the files, Judge.

16           He scores three years with the bump.  They're offering

17   three years.

18           THE COURT:  Does he want that?

19           MR. MALPAS:  Yes.

20           THE COURT:  Swear him in.

21           (Thereupon, the Defendant, Larry L. DeRose, was duly

22           sworn to testify upon his oath.)

23           THE COURT:  All right.

24           What case is he on probation for?

25           MR. WEIGEL:  87-19627CF10.

RECORD REPORTING SERVICE, OFFICIAL CIRCUIT COURT REPORTERS

1          And he's got two new cases.  One is Case Number --

2          THE COURT:  I have the two cases.  What is the probation

3   number?

4          MR. WEIGEL:  19627.

5          THE COURT:  19 --

6          MR. WEIGEL:  87-19627.

7          THE COURT:  All right.  Now, what is the charge there?

8          MR. MALPAS:  It's a violation of probation for possession

9   of cocaine.

10         THE COURT:  All right.

11         Mr. DeRose, do you understand what you're doing?

12         THE DEFENDANT:  Yes, sir.

13         MR. MALPAS:  There is a substantive case.  He's already

14  been arraigned.

15         THE COURT:  So Larry, you've got two cases with burglary

16  of a structure.

17         It gets more complicated.

18         MR. MALPAS:  Judge, just one on the case that he's been

19  arraigned on.

20         THE COURT:  I have two '88 cases.

21         MR. MALPAS:  There's a third '88 case.  I have the number

22  for you.

23         THE COURT:  Do you know about this?

24         MR. WEIGEL:  No.  They only gave me two.

25         THE COURT:  Let Judge Korda handle this.  This is getting

1    too complicated for me.  Three burglaries.

2              MR. MALPAS:  88-8346.  And Judge, it's also a burglary.

3              THE COURT:  Burglary of a structure, grand theft.  Did

4    you know that?

5              MR. WEIGEL:  I didn't know that.

6              THE COURT:  Well, does he fall in the same category?

7    Probably not.

8              MR. WEIGEL:  Was the structure occupied or not?

9              MR. MALPAS:  Unoccupied.

10              MR. WEIGEL:  He'll fall the same.

11              THE COURT:  Are you sure?

12              MR. WEIGEL:  It only adds two more points.

13              THE COURT:  How can two more felonies add two more

14    points?

15              MR. WEIGEL:  That's all.  So he'll go from 62 points to

16    64 and it's the same.

17              THE COURT:  What are you offering?

18              MR. WEIGEL:  Three years with a bump.

19              THE COURT:  Do you have all the files?

20              MR. WEIGEL:  I don't have all the files.  I have two out

21    of the three.

22              THE COURT:  Are you ready to go ahead even though you

23    don't have all the files?

24              MR. WEIGEL:  Sure.

25              THE COURT:  Mr. DeRose, do you understand what you're

RECORD REPORTING SERVICE, OFFICIAL CIRCUIT COURT REPORTERS

1    doing?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  Do you understand that in three cases you're

4    waiving your right to a trial by jury?

5            THE DEFENDANT:  Yes.

6            THE COURT:  You're waiving your right not to incriminate

7    yourself, you're waiving your right to appeal the merits of the

8    case, and you're waiving your right to confront state witnesses?

9            THE DEFENDANT:  Yes, sir.

10           THE COURT:  Has your lawyer effectively and competently

11   represented you?

12           THE DEFENDANT:  Yes, sir.

13           THE COURT:  Are you guilty in Case 88-8346 of burglary

14   and grand theft?

15           THE DEFENDANT:  Yes.

16           THE COURT:  In Case 88-10739 are you guilty of burglary

17   of a structure?

18           THE DEFENDANT:  Yes.

19           THE COURT:  In Case 88-9565 are you guilty of burglary

20   and grand theft?

21           THE DEFENDANT:  Yes.

22           THE COURT:  Based upon your plea of guilty, the Court

23   adjudicates you guilty on each and every Count.

24           Is there any legal reason why sentence can not now be

25   imposed?

RECORD REPORTING SERVICE, OFFICIAL CIRCUIT COURT REPORTERS

1      MR. MALPAS: Judge, we also have the violation of

2   probation. Can we take care of the violation of probation?

3      THE COURT: I'll get to that. Is there any legal reason

4   why sentence can not now be imposed?

5      MR. MALPAS: No reason.

6      THE COURT: Okay.

7      The Court accepts your plea of guilty and sentences you

8   to three years on each Count, consecutive, I mean concurrent to

9   each other, concurrent to each other case.

10      Now, how much time have you got served?

11      THE DEFENDANT: I've been here since April 29th, be about

12   six weeks.

13      THE COURT: All right.

14      Then did you violate probation in 87-19627CF10 with

15   possession of cocaine?

16      THE DEFENDANT: Yes.

17      THE COURT: The Court adjudicates you guilty of that

18   charge, revokes your probation, and sentences you to three years in

19   the Department of Corrections to run concurrent with the other

20   cases. So you're going to jail on four cases. Do you understand?

21      THE DEFENDANT: Yes.

22      THE COURT: One, two, three, four, five, six, seven

23   felonies. Do you understand?

24      THE DEFENDANT: Yes.

25      THE COURT: You have 30 days within which to appeal.

1          Credit for time served?

2          THE CLERK:  46 days.

3          THE COURT:  Okay.

4          (Thereupon, the hearing was concluded.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

RECORD REPORTING SERVICE, OFFICIAL CIRCUIT COURT REPORTERS

1

<u>CERTIFICATE OF REPORTER</u>

2  THE STATE OF FLORIDA)
                          : SS
3  COUNTY OF BROWARD    )

4

5          I, MARY B. McKEE, Shorthand Reporter and Notary Public in

6  and for the State of Florida at Large, do hereby certify that I was

7  authorized to and did report in shorthand the proceedings at the

8  foregoing hearing, and that the pages numbered from 1 through 7,

9  inclusive, contain a full, true and complete transcription of my

10  shorthand report of same.

11

12          WITNESS my hand this 3rd day of May, 1998

13

14

15

16

17

18

19  _____
                    MARY B. McKEE
20          Notary Public-State of Florida at Large

21
            Commission No. CC593098
22          My Commission Expires 10-25-2000

23

24

25

CASE # 9^-9R-6174-WDF



# "Do Not Scan or Copy This Transcript."

DE # _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


--------------------------------
                                )
UNITED STATES OF AMERICA.        )    Case No. 97-6174-Cr-WDF
                                )
        Plaintiff,               )
                                )    Fort Lauderdale, Florida
vs                               )    January 8, 1999
                                )
LARRY DEROSE,                    )
                                )
        Defendant.               )
-----------------------------)



TRANSCRIPT OF SENTENCING
BEFORE THE HONORABLE WILKIE D. FERGUSON, JR.



APPEARANCES:


FOR THE GOVERNMENT:              DONALD CHASE, AUSA


FOR THE DEFENDANT:               TIM DAY, ESQ.



COURT REPORTER:                  PAUL HAFERLING, RPR


EXHIBIT
B

# NOT

# SCANNED

## PLEASE REFER TO COURT FILE

# CIVIL COVER SHEET

00 6052

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV - FERGU____

**I (a) PLAINTIFFS**

Larry Lee Derose,

    Movant.

**DEFENDANTS**

United States of America,

    Respondent.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Sumter

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Timothy M. Day, Asst. Fed. Pub. Defender
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301

**ATTORNEYS (IF KNOWN)**
United States Attorney's Office
299 E. Broward Blvd.
Fort Lauderdale, Florida 33301

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | | III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) | | | (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) | |
|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | | PTF | DEF | PTF | DEF |
| | | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State ☐ 4 | ☐ 4 |
| ☒ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Petition pursuant to 28 U.S.C. § 2255 wherein movant challenges the constitutionality of prior convictions used to enhance a sentence.

**IVa.** _____ days estimated (for both sides) to try entire case

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | **A LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☒ 510 Motions to Vacate Sentence | ☐ 730 Labor Management Reporting & Disclosure Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | **Habeas Corpus** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26 USC 7809 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B | | | * A or B |

| VI. ORIGIN (PLACE AN X IN ONE BOX ONLY) | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed From State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Refiled | ☐ 5 Transferred from another district (Specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23 | CLASS ACTION | DEMAND $ | CHECK YES only if demanded in complaint JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE Wilkie D. Ferguson    DOCKET NUMBER 97-6174-Cr-Ferguson

DATE
1/12/2000

SIGNATURE OF ATTORNEY OF RECORD
Timothy Day

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. _____
                                         Date Paid: _____

Amount: _____
M/tfp: _____