UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6052-CIV-FERGUSON

LARRY LEE DEROSE, :

    Movant, :

v. :

UNITED STATES OF AMERICA, :

    Respondent. :
_____/



## NOTICE OF SUPPLEMENTAL AUTHORITY

The Movant, Larry Derose, through counsel, files this Notice of Supplemental Authority in support of the Movant's Petition filed pursuant to 28 U.S.C. § 2255. The Movant cites <u>Means v. Alabama</u>, 2000 WL 430048 (11th Cir. April 18, 2000) in support of his Petition.

                            Respectfully submitted,

                            KATHLEEN M. WILLIAMS
                            FEDERAL PUBLIC DEFENDER

                            By:_____
                                 Timothy M. Day
                                 Assistant Federal Public Defender
                                 Florida Bar No. 360325
                                 Attorney for Defendant
                                 101 N.E. 3rd Avenue, Suite 202
                                 Fort Lauderdale, Florida 33301
                                 (954) 356-7436 / (Fax) 356-7556

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the aforementioned motion was mailed on this 2 day of May, 2000, to Donald Chase, Assistant United States Attorney, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

_____
Timothy Day

S:\DAY\Derose\Supplemental.02

--- F.3d ----
(Cite as: 2000 WL 430048 (11th Cir.(Ala.)))

Page 1

Clay MEANS, Petitioner-Appellant,
v.
STATE OF ALABAMA, Bill Pryor, Attorney General of the State of Alabama, Respondents-Appellees.

No. 98-6626
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 18, 2000.

Federal prisoner filed pro se habeas corpus petition challenging use of expired state conviction to enhance his current federal sentence. The United States District Court for the Northern District of Alabama, No. 97-01684-CV- S-S, C. Lynwood Smith, Jr., J., denied petition, and prisoner appealed. The Court of Appeals held that challenge had to be brought as challenge to federal sentence, not as challenge to state sentence.

Vacated and remanded.

[1] HABEAS CORPUS ⚖ 842
197k842
District court's grant or denial of habeas corpus petition is reviewed de novo. 28 U.S.C.A. § 2254.

[2] HABEAS CORPUS ⚖ 285.1
197k285.1
Habeas petitioner attacking expired state conviction that was used to enhance his current federal sentence had to bring his suit as challenge to federal sentence, not as challenge to state sentence. 28 U.S.C.A. §§ 2254, 2255.
 Thomas F. Parker, IV, Montgomery, AL, for Respondents-Appellees.

 Appeal from the United States District Court for the Northern District of Alabama.

 Before ANDERSON, Chief Judge, and COX and WILSON, Circuit Judges.

PER CURIAM:

*1 Clay Means, a federal prisoner proceeding pro se, appeals from the district court's denial of his habeas corpus petition, brought under 28 U.S.C § 2254, attacking a state conviction whose sentence had run that was used to enhance his current federal sentence.

 On appeal, Means argues that the district court correctly construed his habeas petition as arising under § 2254. The district court found that Means's claim was procedurally barred. Means maintains that the claim was not procedurally barred, or, in the alternative, that he met the burden of showing actual innocence to overcome that bar.

[1] A district court's grant or denial of a habeas corpus petition is reviewed de novo. See Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir.1998), cert. denied, --- U.S. ----, 119 S.Ct. 2373, 144 L.Ed.2d 777 (1999).

[2] Under § 2254, federal district courts have jurisdiction to entertain habeas petitions only from people who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Supreme Court has held that a petitioner is not in custody and thus cannot challenge a conviction when the sentence imposed for that conviction has expired. See Maleng v. Cook, 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989). But we have held that the Court in Maleng permitted currently incarcerated petitioners to challenge a sentence enhanced by an expired sentence. See White v. Butterworth, 70 F.3d 573, 574 (11th Cir.1995), corrected, 78 F.3d 500 (11th Cir.1996). "In order to meet the 'in custody' requirement, the petitioner is deemed to be challenging the current sentence that has been enhanced by an expired conviction, rather than directly challenging the expired conviction." Van Zant v. Florida Parole Commission, 104 F.3d 325, 327 (11th Cir.1997). In this way a petitioner can challenge the expired sentence. See id. However, a petitioner who challenges an expired state sentence that was used to enhance his current federal sentence must bring his suit under 28 U.S.C. § 2255. See Birdsell v. State of Alabama, 834 F.2d 920 (11th Cir.1987).

 Means claims that he intended to bring his petition under 28 U.S.C. § 2254. It is true that federal courts must look beyond the labels of motions filed by pro se inmates to interpret them under whatever statute would provide relief. See United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir.1990).

--- F.3d ----  
(Cite as: 2000 WL 430048, *1 (11th Cir.(Ala.)))

Page 2

However, § 2255 designates the United States Attorney as the proper defendant in such an action. Therefore, we conclude that we do not have jurisdiction to entertain this action and that it should have been brought as a § 2255 petition. Accordingly we remand this action to the district court with instructions to serve notice of this petition on the United States Attorney and thereafter to construe this action as a § 2255 petition. The State of Alabama shall be permitted to participate in this action as an amicus curiae.

VACATED and REMANDED. [FN1]

>    FN1. Petitioner's request for oral argument is hereby denied.

END OF DOCUMENT

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works