UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO : 00-6052-CIV-FERGUSON
97-6174-CR-FERGUSON

LARRY LEE DEROSE, )
)
Petitioner, )
)
v. )
)
UNITED STATES OF AMERICA, )
)
Respondent. )
_____)

**NIGHT BOX**
**FILED**

DEC - 8 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FT

### GOVERNMENT'S RESPONSE TO MOTION
### TO VACATE, SENTENCE PURSUANT TO 28 U.S.C. §2255

The United States of America, by and through its undersigned Assistant United States Attorney, hereby responds to Movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 and shows the same should be denied for the following reasons:

I.  FEDERAL COURT IS NOT THE PROPER FORUM BECAUSE NO JURISDICTION EXISTS TO REVIEW THE CONSTITUTIONALITY OF A STATE CONVICTION WHERE THE DEFENDANT WAS REPRESENTED BY COUNSEL.

Wherefore, for the foregoing reason, the United States of America respectfully requests that this Honorable Court deny the petitioner's 28 U.S.C. §2255 motion to vacate sentence.



1

### ARGUMENT

I. FEDERAL COURT IS NOT THE PROPER FORUM BECAUSE NO JURISDICTION EXISTS TO REVIEW THE CONSTITUTIONALITY OF A STATE CONVICTION WHERE THE DEFENDANT WAS REPRESENTED BY COUNSEL.

Petitioner's counsel grossly exaggerates the avenues of collateral attack available in federal court pursuant to Custis v. United States, 511 U.S. 485, 512 n.7[1] (1994) to challenge the constitutional validity of a state conviction used to enhance a defendant's 18 U.S.C. §924(e) Armed Career Criminal Act (ACCA) sentence: "In this Circuit, where a defendant can demonstrate that a prior criminal conviction relied upon as the basis for a sentence enhancement under a recidivist sentencing provision, was **unconstitutionally obtained**, he has the right to habeas relief as to the enhanced sentence, such that he should be resentenced without the enhancement." 28 U.S.C.

---

[1] Justice Souter in his dissent to the majority's opinion in Custis wrote: "Maleng v. Cook, 490 U.S. 488 (1989), holding that a federal habeas court has jurisdiction to entertain a defendant's attack on a sentence to the extent it was enhanced by a prior, allegedly unconstitutional conviction, 'express[ed] no view on the extent to which the [prior] conviction itself may be subject to challenge in the attack upon the ... sentenc[e] which it was used to enhance.' Id. at 494 (**citing 28 U.S.C. §2254** Rule 9(a)) Courts of Appeals decisions postdating Maleng have uniformly read it as consistent with the view that federal habeas courts may review prior convictions relied upon for sentence enhancement and grant appropriate relief." This footnote in the dissent of Custis does not support petitioner counsel's argument that a federal court has jurisdiction in a §2255 proceeding to examine the constitutionality of a petitioner's previous state conviction because Maleng, as noted by Justice Souter, pertains to a §2254 habeas corpus petition and not, as is pending before this Court in the instant case, a §2255 motion to vacate and correct sentence. The distinction is significant and not a technicality of form over substance. A defendant is barred from filing a §2254 federal habeas corpus petition unless he is "in custody pursuant to the judgment of a State court" he wishes to contest. The petitioner DeRose is incarcerated pursuant to this Court's sentence for his 18 USC §924(e) conviction, not for the three state convictions dated June 13, 1988.

2

§2255 petition at page 1. A federal judge can consider a challenge to a state conviction for a drug trafficking offense or a crime of violence used as one of the three felony convictions required to impose the ACCA minimum mandatory 15-year imprisonment term only when a *single* constitutionally guaranteed right was denied to the defendant: the right to counsel.

A federal prisoner cannot challenge a facially valid prior state judgment of conviction used to enhance his ACCA sentence except on the ground that the previous state conviction was obtained in violation of his right to counsel under Gideon v. Wainwright, 372 U.S. 335 (1963). Custis v. United States, 511 U.S. at 496; United States v. Farris, 77 F.3d 391, 397 (11th Cir. 1996). With the exception of a Gideon violation, Custis holds that the current sentence is constitutional even if the prior conviction used to support the enhancement was not. A prior judgment of conviction that is both facially valid and counseled may be used to determine a current sentence even if it was the product of an involuntary guilty plea. Applying that rule, the Supreme Court in Custis affirmed a federal sentence on direct appeal without reviewing the constitutionality of three facially valid and counseled prior convictions used to enhance the sentence. "Custis invites us to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in Gideon. We decline to do so." Id. at 496. The Supreme Court found as irrelevant that one of the defendant's previous convictions was obtained without "the effective assistance of counsel," "that [the defendant's] guilty plea [to another prior offense] was not knowing and intelligent," and "that [the defendant] had

3

not been adequately advised of his rights in opting for a 'stipulated facts' trial" in a third prior case. Id. at 496.  See United States v. Smith, 36 F.3d 490 (6th Cir. 1994) (A defendant may not collaterally attack validity of previous state convictions used to enhance his sentence under the ACCA based on claim that ineffective assistance of counsel rendered his guilty pleas not knowing and intelligent and resulted in pleas being made on insufficient stipulated facts, since district court could entertain such a collateral attack upon prior state conviction for ACCA sentencing purposes only when convictions were obtained in violation of right to counsel).  Custis' claims, if correct, would have rendered his previous state convictions unconstitutional, but the Supreme Court held that they could not affect the constitutionality of the current sentence that was based upon them.  The Supreme Court reasoned that Congress did not intend to permit such attacks, and that the Constitution does not require an opportunity to challenge prior convictions.  Id. at 493, 496.  Concomitantly, ease of administration and the interest in finality argue against it. Id. at 496-97.  The Eleventh Circuit Court of Appeals has ruled that  "while prejudice to the defendant can be presumed on direct appeal when the record does not affirmatively demonstrate that the defendant's plea of guilty was knowing, this presumption does not carry over when a defendant attacks the intelligence of his plea collaterally  . . .  When a defendant is represented by counsel [while] making his guilty plea, that plea is presumed valid when later attacked in a habeas corpus proceeding.  In order to rebut that strong presumption of validity, the defendant must make a factual showing that his plea of guilt was not voluntary and intelligent.  The appropriate forum for such a fact-intensive inquiry will typically be a

4

state collateral proceeding or a federal habeas corpus, not a sentencing hearing for a separate offense far removed from the original conviction. We conclude, therefore, that the district court did not err in declining to entertain Custis's constitutional challenge . . . to the validity of his guilty pleas. Those alleged violations did not carry with them the same presumption of prejudice that uncounseled pleas and convictions do. The multiple violations alleged by Custis could only have been established after fact-intensive investigations into state proceedings that are best undertaken in a different setting." United States v. Medlock, 12 F.3d 185, 188 (11th Cir. 1994)

Although Custis arose on direct review of a federal sentence, its reasoning applies on collateral review as well. Constitutional violations in a prior conviction are relevant only insofar as they create an error in the federal sentence that is under attack. Custis makes clear that prior state convictions tainted by non-Gideon violations do not create an error in a subsequent federal sentence that is enhanced based upon the same. Custis holds that the Constitution permits the imposition of an enhanced sentence based on constitutionally invalid prior convictions. Where the Supreme Court holds that a sentence is legal, the sentence is not subject to reversal in any setting. Custis announced a substantive constitutional principle that governs regardless of the procedural posture of the case. See United States v. Davis, 36 F.3d 1424, 1438 (9th 1994), cert. denied, 513 U.S. 1171 (1995). Furthermore, a sentence that would survive on direct review cannot be reversed on collateral review because Section 2255 does not confer any substantive rights. Section 2255 provides a narrow procedure for vacating sentences that are unconstitutional or contain fundamental legal defects after

direct review is completed. See United States v. Addonizio, 442 U.S. 178, 184,185 (1979). Section 2255 merely establishes a remedy for correcting an illegal sentence without substantively defining which sentences are illegal. Thus, a defendant's right to challenge his sentence on collateral review can be no broader than his right to do so on direct review.

A petitioner who files a motion to set aside, vacate, or correct a federal sentence may not collaterally attack state convictions used to enhance the petitioner's sentence under ACCA, unless that attack alleges denial of the right to counsel under Gideon. United States v. Walker, 198 F.3d 811, 813, 814 (11th Cir. 1999); United States v. Oliver, 64 F.3d 617 (11th Cir. 1995); Entendencia v. Grabtree, 980 F.Supp 1172, 1175, 1176 (D.Hawaii 1997)(No constitutional right exists to collaterally challenge the constitutionality of a prior state conviction for any reason other than deprivation of the Gideon right to counsel. A defendant may not, in a motion to vacate sentence, challenge a prior state conviction used to enhance a federal sentence, on grounds other than the complete denial of his right to counsel). In § 2255 proceedings, Custis bars "federal habeas review of the validity of a prior conviction used for federal sentencing enhancement unless the petitioner raises a Gideon claim." United States v. Daniels, 195 F.3d 501, 504 (9th Cir. 1999) United States v. Jiles, 102 F.3d 278, 280, 281 (7th Cir.1996).

Nevertheless, Custis has been incorrectly cited by petitioners as creating a right for examination of the constitutionality of a state conviction in federal court through the filing of a §2255 motion challenging the same based upon the following quote:

> We recognize, however, as did the Court of Appeals . . . that Custis, who was still "in custody" for purposes of his state convictions at the time of his federal sentencing under § 924(e), may attack his state sentences in Maryland or through federal habeas review. See Maleng v. Cook[2], 490 U.S. 488 (1989). If Custis is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences. We express no opinion on the appropriate disposition of such an application.

Custis v. United States, 511 U.S. at 498.

After remand from the Supreme Court, the district court interpreted the foregoing quote as follows: "In this Court's judgment, the Supreme Court's disjunctive reference in Custis to federal habeas review was a reference to review under section 2254, which requires exhaustion, and the Supreme Court, in referring to federal habeas review, intended such review to be confined to those cases in which state remedies had been exhausted, making federal habeas review under section 2254 appropriate. It is wrong to read the Custis opinion's reference to attacking predicate convictions 'in Maryland or through federal habeas review' as permitting federal collateral review in a section 2255 motion without exhaustion of state remedies. This Court is of the opinion that, unless and until state remedies are exhausted regarding those convictions, there should be no collateral attacks considered on them under section 2255, as a matter of law." Custis v. United States, 923 F.Supp. 768, 769 (D.Md. 1996).

The Eleventh Circuit Court of Appeals in United States v. Walker, 198 F.3d 811, 813, 814 (11th Cir. 1999) agreed with the foregoing interpretation by stating "a district court may reopen and reduce a federal sentence, once a federal defendant has, in

---

[2]See footnote one.

7

state court, successfully attacked a prior state conviction, previously used in enhancing the federal sentence. See United States v. Pettiford, 101 F.3d 199, 201 (1st Cir.1996); United States v. Cardoza, 129 F.3d 6 (1st Cir.1997); Young v. Vaughn, 83 F.3d 72 (3rd Cir.1996); United States v. Bacon, 94 F.3d 158, 162 n. 3 (4th Cir.1996)(citing Custis, and stating that "if Bacon succeeds in a future collateral proceeding in overturning his robbery conviction, federal law enables him then to seek review of any federal sentence that was enhanced due to his state conviction"); United States v. Nichols, 30 F.3d 35, 36 (5th Cir.1994); United States v. Rogers, 45 F.3d 1141, 1143 (7th Cir.1995)(citing Custis, and observing that if Rogers wants to challenge his juvenile convictions, he must do so in the state courts of Indiana or by way of federal habeas corpus); Clawson v. United States, 52 F.3d 806, 807 (9th Cir.1995)(citing Custis, and suggesting that if a defendant succeeds on appeal from a state court conviction, not final at the time of his federal sentencing, "he should then petition to reopen his sentence"); United States v. Garcia, 42 F.3d 573, 581 (10th Cir.1994)(citing Custis, and noting that defendant could apply for reopening of sentence as a career offender after successfully attacking a predicate conviction on a writ of habeas corpus). We agree and follow suit."

"If Custis is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences." Custis, 511 U.S. at 497. That language shows that a defendant must overturn his state sentence before bringing a Section 2255 motion against his federal sentence. In other words, the Supreme Court contemplated two separate challenges: an initial habeas petition against the prior state conviction; and, if the habeas petition were successful, a later

8

Section 2255 motion against the enhanced federal sentence on the ground that the prior conviction is no longer facially valid. See United States v. Nichols, 30 F.3d 35 (5th Cir. 1994) (per curiam).

"Federal courts are not forums in which to relitigate state trials." Barefoot v. Estelle, 463 U.S. 880, 887 (1983) "Ease of administration also supports the distinction (the limitation of federal review of the constitutionality of prior state convictions to the absence of counsel). As revealed in a number of the cases cited in this opinion, failure to appoint counsel at all will generally appear from the judgment roll itself, or from an accompanying minute order. But determination of claims of ineffective assistance of counsel, and failure to assure that a guilty plea was voluntary, would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state court transcripts or records that may date from another era, and may come from any one of the 50 States." Custis, 511 U.S. at 496

The Supreme Court did not, in Custis, intend to disturb the well-settled principles of comity that require the satisfaction of the exhaustion rule prior to federal collateral review of state convictions. "Such a procedure would, in addition to circumventing the well-settled comity principles underlying the statute and case law on habeas exhaustion, have the untenable consequence of putting the United States Attorney in the position of a state prosecutor defending an initial post-conviction attack. For many of the same reasons addressed in this Court's, in the Fourth Circuit's, and in the Supreme Court's Custis opinions, such a procedure should not be allowed any more in a section 2255 motion then in the original sentencing proceedings." Custis v. United

9

States, 923 F.Supp. at 768, 769.

Although DeRose claims that he had been unconstitutionally convicted in state court, the petitioner's collateral challenge is improper as his constitutional right to counsel was not infringed. DeRose was represented by counsel at the contested guilty plea hearings. The transcript for the June 13, 1988 changes of plea transcript lists Gene L. Malpas as DeRose's counsel and as being present. Mr. Malpas is quoted throughout the transcript insuring that the petitioner DeRose received the sentence resolution negotiated between the parties. (Tr. at 2, 3, 4, 5[3], 6) If DeRose wishes to attack his state convictions, the petitioner must file a habeas action or another form of post-conviction review with the 17th Judicial Circuit Court in and for Broward County, not a §2255 motion to vacate sentence in federal court for the Southern District of Florida. If the petitioner is successful in attacking one or more of his prior convictions in a state court proceeding, then DeRose may use a §2255 motion to apply for this Court to reopen the 180-month federal sentence. Custis, 51 U.S. at 498  See United States v. Nichols, 30 F.3d at 36 (after federal cocaine related conviction and sentencing, a Texas court vacated the state conviction used for enhancing defendant's federal sentence; under Custis, defendant was allowed to return to federal court and file a § 2255 motion to correct the federal sentence on the ground that he could no longer be considered a career offender since his state conviction had been vacated).

---

[3] When asked by the judge if he had received effective and competent representation from his counsel, the defendant answered the question in the affirmative.

10

Petitioner's counsel appears to have filed what is a matter for the state court to address in federal court because of his perception that this Court has prejudged the issue and will rule in his client's favor:

"[T]he Court appeared to welcome a subsequent habeas challenge." 28 U.S.C. §2255 motion at 7.

> Mr. Day: [I] have indicated to the Court that the United States Supreme Court case of Custis precludes me from arguing that in this proceeding, but I do think I do need to make the technical objections so the record is preserved, because I do want the Court to know we will be coming back in a Federal habeas proceeding.
>
> The Court: I think that is the approach to the collateral attack.

28 U.S.C. §2255 at 7 and Tr. at 3.

> The Court: It seems if I made that determination that his criminal history is over represented by the calculations, then he still has the mandatory minimum with respect to that.
>
> Mr. Day: That's correct, but as I said, this is not our last day in Court. He will be coming back to you . . . I don't think this is a proper use of the armed career criminal statute . . .
>
> The Court: I would tend to agree. I think you understand I can't fight with the record as it comes to me now. His [criminal] history is totally a nonviolent history. 22 points[4] is extremely high on the nature of his offenses.

28 U.S.C. §2255 at 7, 8 and Tr. at 6.

---

[4]The defendant had 21 arrests resulting in 11 felony and 13 misdemeanor convictions which equated to 22 criminal history points under the Sentencing Guidelines.

11

The Court expressed the opinion that the imprisonment range established by the Sentencing Guidelines for the defendant's 18 U.S.C. §924(e) ACCA conviction "borders on the lubricious." Tr. at 7.

> The Court: Mr. DeRose . . . Mr. Day indicated that he will make a collateral attack on some of the underlying convictions. I can only wish you success in your collateral attack.

Tr. at 8.

This Court is the improper forum because no jurisdiction exists to address the constitutionality of a defendant's prior state conviction when counsel was present. Comity dictates that this federal court honor the state court's conviction. Practicality mandates that the correct forum to address a constitutional problem with a conviction is the court where the conviction occurred. The court, the prosecutor, the defense attorney and the defendant involved in the challenged conviction are better suited to reconstruct the guilty pleas and determine its compliance with the Constitution. The difficulty of a federal court reviewing the propriety of a state conviction is exemplified by the incomplete record of the challenged proceeding submitted by petitioner's counsel in support of this §2255 motion. On page 2 of the transcript of the petitioner's Monday, June 13, 1988 changes of plea, the petitioner's attorney is quoted as referring to another hearing 3 days earlier where the defendant's pleas of guilty were aborted:

> Mr. Malpas: On Friday (June 10, 1988), if you remember, we tried to plead him out but didn't have the score sheet finished, so you (the state court judge) said to come back Monday (June 13, 1988).

Tr. at page 2.

12

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing response has been forwarded, postage prepaid, this 11th day of December, 2000 to: Timothy M. Day, Assistant Federal Public Defender, 101 NE Third Avenue, Suite 202, Fort Lauderdale, Florida 33301-1100.

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

The record submitted by the petitioner to support his §2255 motion is incomplete[5]-the defendant's guilty plea was before the same court the previous working day but a transcript of this hearing has not been attached as an exhibit. One is left to speculate as to what occurred. The state court with access to the court files and transcripts relevant to the cases and personnel familiar with the proceeding is the proper forum to address and resolve the petitioner's challenge to the validity of his convictions from their system.

## CONCLUSION

For the foregoing reasons, the petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 should be dismissed.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
BAR NO. A5500077
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33394
Telephone (954) 356-7255
Fax (954) 356-7336

---

[5]The burden of proof belongs to the petitioner and not the government in a §2255 motion to vacate and correct sentence. Scott v. United States, 434 F.2d 11, 19 (5th Cir. 1970).

13