UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6052-CIV-FERGUSON

LARRY LEE DEROSE,     :

    Plaintiff,     :

v.     :

UNITED STATES OF AMERICA.  :

    Defendant.     :
_____/

## REPLY TO GOVERNMENT'S RESPONSE

The plaintiff, through counsel, files this Reply to the Government's Response to Plaintiff's Motion to Vacate Sentence.

The government cites <u>Custis v. United States</u>, 511 U.S. 485 (1994) for the proposition that a federal prisoner has no right to challenge a federal sentence enhanced by an expired state court conviction obtained in violation of the United States Constitution. except where the right violated was the right to counsel under <u>Gideon</u>. Government memo at 3. The government's statement of <u>Custis</u> is incorrect and erroneous. <u>Custis</u> says no such thing and stands for no such proposition. Further, the government's proposition, as stated, directly conflicts with <u>Maleng v. Cook</u>, 490 U.S. 488 (1989). Finally, the government's misread of <u>Custis</u> is in direct conflict with established Eleventh Circuit precedent (unmentioned anywhere in the government's response) interpreting <u>Maleng</u>.

At his federal sentencing hearing, <u>Custis</u> attacked alleged defective state court convictions



that were used to enhance his sentence pursuant to 18 U.S.C. § 924(e)(1) or the Armed Career Criminal Act (ACCA). Id. at 488. It bears repeating. Custis made his attack in the federal sentencing hearing. He maintained that 18 U.S.C. § 924(e) granted him authority to make such an attack. The court rejected this claim and also found no past precedent requiring a different result. Id. at 495-496.

The holding of Custis is quite clear, "We therefore hold that 924(e) does not permit Custis to use the federal sentencing forum to gain review of his state convictions." Id. at 497. (Emphasis added.)

In spite of this clear ruling, the government continues, page upon page, declaring that as a result of Custis, "[F]ederal Court is not the proper forum because no jurisdiction exists to review the constitutionality of a state conviction." Government response at 2. To the contrary, clearly and explicitly Custis states:

> Congress did not prescribe and the Constitution does not require such delay and protraction of the federal sentencing process. We recognize, however, as did the Court of Appeals, see 988 F.2d at 1363, that, Custis, who was still 'in custody' for purposes of his state convictions at the time of his federal sentencing under § 924(e) may attack his state sentences in Maryland or through federal habeas review. See Maleng v. Cook, 490 U.S. 488, 492 (1989) (emphasis added).

The government's erroneous view of Custis is, thus, clearly displayed. Custis presented a forum question. The issue was where, not whether, the defendant could attack a prior conviction for constitutional infirmity. Custis answered the question by stating that the federal sentencing proceeding was not the proper forum. While Custis suggested, as previously noted, that federal habeas was a proper forum, it did not delineate the specifics of that right but, instead, cited to Maleng

2

v. Cook, supra. Custis at 497.

In Maleng, the Supreme Court ruled that an individual serving an enhanced sentence may invoke federal habeas review to reduce the sentence to the extent it was lengthened by a prior unconstitutional conviction. Id. at 493-494. Custis at 512 (dissenting opinion).

Further, established Eleventh Circuit precedent has long held that the appropriate vehicle for litigating the enhancement of a sentence based on unconstitutional prior convictions is through federal habeas proceedings. Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000) (petition proper under 28 U.S.C. § 2255 to challenge expired state sentence as petitioner deemed to challenge current sentence enhanced by expired conviction. rather than directly challenging expired conviction). Accord White v. Butterworth, 70 F.3d 573, 574 (11th Cir. 1995); Battle v. Thomas, 923 F.2d 165, 166 (11th Cir. 1991); Harper v. Evans, 941 F.2d 1538 (11th Cir. 1991); VanZant v. Florida Parole Commission, 104 F.3d 325, 327 (11th Cir. 1997). None of the above cases are mentioned by the government in its response to Derose's motion, which forwards the general issue resolved by the above-cited authorities.

Consistent with its misread of Custis, the government forwards United States v. Walker, 198 F.3d 811 (11th Cir. 1999) as standing for the proposition that "a petitioner who files a motion to set aside, vacate, or correct federal sentence may not collaterally attack state convictions used to enhance the petitioner's sentence under ACCA, unless that attack alleges denial of the right to counsel under Gideon." Government at response 6. Nowhere in Walker is such language found. much less on pages 813 or 814 as cited. No such proposition is ever stated in Walker. Instead, Walker cites to Custis and the holding that "under section 924(e) unless a defendant in a federal sentencing proceeding was claiming a violation of his right to counsel he had no right at that time to make a

3

collateral attack on prior state convictions." Walker at 813. (Emphasis added.) Walker then went on to merely affirm the fact that a district court may reopen and reduce a federal sentence if a defendant has successfully attacked a prior state conviction which was previously used to enhance a federal sentence. Id. at 813. Walker does not state or stand for the proposition that a federal habeas petitioner must first go to state court and vacate the defective prior. Walker merely addressed the issue presented. Factually, Walker had gone to state court and had vacated a defective prior relied upon for enhancement in his federal sentence. As previously noted, the court in Walker merely stated that he could do so. Id. at 814. Walker stands for that principle and no more. To expand Walker to mean that this is the only form of habeas attack is to bring Walker into direct conflict with Means, White, Battle, Harper and VanZant.

The fundamental flaw in the government's reasoning and logic which undergirds their misread of Custis, Walker, etc. is the failure to understand that Mr. Derose, a federal habeas petitioner, is attacking the enhancement portion of his federal sentence, not vacating his prior state convictions. This is why the "in custody" requirement on the expired state sentence is not an impediment in the federal habeas proceeding, as explained in Maleng and Means, at 1244 (petitioner is deemed to be challenging the current sentence that has been enhanced by an expired conviction, rather than directly challenging the expired conviction, citing VanZant). This lack of understanding of this important point has caused the government to misstep.

Further, the government cites the public policy rationale in Custis as applicable to Derose. Government memo at 4. Again, the application is inappropriate. The ease of administration and interest in finality are concerns, spoken of in Custis, relevant to the federal sentencing proceeding. As Custis states, "determination of claims of ineffective assistance of counsel, and failure to assure

4

that a guilty plea was voluntary, would require <u>sentencing counts</u> to rummage through frequently non-existent or difficult to obtain state court transcripts." <u>Id</u>. at 496 (emphasis added). True. However, this is exactly the purview of the habeas proceeding where fact intensive inquiries are carried out (many times by referral to Magistrate) on issues such as ineffective assistance of counsel and the voluntariness of pleas. Again, the forum for this is not the federal sentencing hearing but the habeas proceeding. Further, the finality of state court judgments are not seriously eroded when state sentences, long since served and expired and left unaffected by later habeas action, are not used to enhance a federal sentence.

In conclusion, pursuant to <u>Maleng</u>, <u>supra</u>, and consistent with <u>Custis</u>, Larry Derose petitions this court in a <u>habeas proceeding</u> to correct his sentence which was enhanced by a clearly constitutionally defective prior conviction.

WHEREFORE, the plaintiff files this reply to Government's response.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Timothy M. Day
Assistant Federal Public Defender
Florida Bar No. 360325
Attorney for Defendant
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / (Fax) 356-7556

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the aforementioned motion was mailed on this 13 day of March, 2001 to Donald Chase, Assistant United States Attorney, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

Timothy Day

s:\day\motions\derose.vac

6