-cv-06052-WDF   Document 16   Entered on FLSD Docket 07/10/2001   F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6052-CIV-FERGUSON

LARRY LEE DEROSE,                :

    Movant,                      :

v.                                              :

UNITED STATES OF AMERICA,  :

    Respondent.                :
_____/



### MOTION TO AMEND PENDING MOTION PURSUANT TO 28 U.S.C. § 2255 TO ADD AN ALTERNATIVE GROUND FOR RELIEF IN LIGHT OF DANIELS v. UNITED STATES

The Movant, Larry Derose, through counsel, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, respectfully requests that the Court allow him to amend/supplement his pending motion pursuant to 28 U.S.C. § 2255 to add an alternative ground for relief in light of the Supreme Court's decision in Daniels v. United States, 121 S.Ct. 1578 (2001), and in support thereof, states:

1. On January 12, 2000, Derose filed a motion pursuant to 28 U.S.C. 2255 to vacate his Armed Career Criminal Act enhanced sentence contending that the prior state convictions used to enhance his federal sentence were constitutionally defective. Specifically, Derose alleged that the prior convictions were the result of pleas taken in violation of Boykin v. Alabama, 395 U.S. 238 (1969) in that the pleas entered were neither knowing or voluntary and therefore were violative of Derose's Due Process rights.

2. On March 16, 2001, the Court conducted a hearing wherein both counsel for Derose and the government argued their respective positions. One issue was whether Derose could utilize



federal habeas to attack an enhanced federal sentence based on constitutionally defective state convictions. This Court took the case under advisement and to date there has been no ruling from the Court.

3. On April 25, 2001, the Supreme Court issued its decision in Daniels v. United States, 121 S.Ct. 1578 (2001). Daniels speaks to the procedural issue previously argued at the hearing on March 16. If this Court is of the view that Daniels forecloses Derose from attacking his enhanced federal sentence through this proceeding, then Derose contends that the judgment and conviction rendered in the related federal criminal case should be vacated as the plea was entered relying on established Eleventh Circuit case law that permitted such an attack. See Derose's petition citing Custis v. United States, 114 S.Ct. 1732, 1747 n.7 (1994); Maleng v. Cook, 490 U.S. 488 (1989) (defendant serving enhanced sentence may invoke federal habeas to reduce sentence to extent lengthened by prior unconstitutional conviction); Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000) (petition proper under 28 U.S.C. § 2255 to challenge expired state sentence as petitioner deemed to challenge current sentence rather than directly challenging expired conviction). Accord, Harper v. Evans, 941 F.2d 1538, 1539 (11th Cir. 1991); Battle v. Thomas, 923 F.2d 165, 166 (11th Cir. 1991). See also, Derose's Reply to Government Response citing White v. Butterworth, 70 F.3d 573, 574 (11th Cir. 1995); Van Zant v. Florida Parole Commission, 104 F.3d 325, 327 (11th Cir. 1997).

From the above cited authority it is clear that, at the time of Derose's plea, Eleventh Circuit precedent allowed federal habeas to be used to vacate an enhanced federal sentence predicated on defective state convictions. If this is no longer the law, as Daniels seems to indicate, then the law upon which Derose relied when he entered his plea no longer exists. Furthermore, the motivation

2

of Derose's guilty plea was to achieve the first step toward preparing a federal habeas attack on his state convictions which created the enhanced federal sentence. As this avenue is now foreclosed to Derose and as the inducement for the entry of his plea cannot be fulfilled, Derose's plea is rendered involuntary and as such the conviction rendered thereof should be vacated.

4.   An unfulfillable or unfulfilled promise which a defendant relies upon in entering his plea renders his plea involuntary. Brady v. United States, 397 U.S. 742, 755 (1970). See also, Santobello v. New York, 404 U.S. 257, 262 (1971); Correale v. United States, 479 F.2d 944, 947 (1st Cir. 1973). "Further, a situation in which a defendant is induced by . . . an unfulfillable promise . . . to enter a guilty plea does not meet the standard for voluntariness articulated by the Supreme Court." United States v. Amaya, 111 F.3d 386, 389 (5th Cir. 1997). Moreover, the present matter is analogous to the cases wherein defendants plead guilty expecting to receive certain gain time credit off a future sentence only to discover, after the sentence, that the eligibility has changed and they are now foreclosed from receiving the credit. Lynce v. Mathis, 117 S.Ct. 891, 898 (1997) (A "prisoner's eligibility for reduced imprisonment [through the Florida provisional release credits statute] is a significant factor entering into both the defendants decision to plea bargain and the judge's calculation of the sentence to be imposed.") (Emphasis added.) See also Weaver v. Graham, 450 U.S. 24, 30 (1981). In the instant matter like Lynce, the availability of federal habeas to attack and eventually reduce his federal sentence was the significant factor in Derose's decision to plead guilty. As this factor has been eliminated, the inducement for the plea vanishes and the conviction rendered thereof follows from a plea that is now involuntary.

5.   A review of the transcript of the sentencing in the related criminal case clearly demonstrates Derose's intention to attack the enhanced sentence through federal habeas and a

3

reliance on then applicable law permitting such an attack:

Mr. Day: Yes, we have. I have indicated to the Court that the United States Supreme Court case of Custus precludes me from arguing that in this proceeding, but I do think I do need to make the technical objections so the record is preserved, because I do want the Court to know we will be coming back in a Federal habeas proceeding.

The Court: I think that is the approach to the collateral attack.

Page 3 Exhibit B of motion. Later in the sentencing hearing:

The Court: It seems if even if I made that determination that his criminal history is over represented by the calculations, then he still has the mandatory minimum with respect to that.

Mr. Day: That's correct, but as I said, this is not our last day in Court. He will be coming back to you. I think at that time, once, because if you take the constitutionally defective priors, and I will not go into that. You set those aside. The armed career statute does not apply. The number of requisite priors are not there if you delete the constitutionally defective ones.

Then we will be in a situation where we can come back before the Court and argue.

I have attempted to have the Government resolve this in some fashion. Other than this, its been spurned in every attempt. I don't think this is a proper use of the armed career criminal statute. There is nothing we can do.

The Court: I would tend to agree. I think you understand I can't fight with the record as it comes before me now. His history is totally a non violent history. 22 points is extremely high on the nature of his offenses.

Page 6 of Exhibit B of motion.

6. Furthermore, Rule 15(a) of the Federal Rules of Civil Procedure dictates that leave to amend be freely given "when justice so requires." In addition, Rule 15(d) authorizes the Court to permit a party "upon terms that are just" to file "supplemental pleadings setting forth . . .

4

occurrences or events which have happened <u>since</u> the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense." (Emphasis added.) Here, the interests of justice require that Mr. Derose be allowed to vacate both his sentence <u>and</u> conviction entered as a result of what has become an involuntary plea.

WHEREFORE, the movant requests that this Court grant this motion and allow movant to amend his petition filed pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence based on the aforementioned grounds.

        Respectfully submitted,

        KATHLEEN M. WILLIAMS
        FEDERAL PUBLIC DEFENDER

By:_____

        Timothy M. Day
        Assistant Federal Public Defender
        Florida Bar No. 360325
        Attorney for Defendant
        1 E. Broward Blvd., Suite 1100
        Fort Lauderdale, Florida 33301
        (954) 356-7436 / (Fax) 356-7556

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the aforementioned motion was mailed on this ⏦ day of July, 2001, to Donald Chase, Assistant United States Attorney, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

Timothy Day

S:\DAY\Derose-Amend 01.wpd

6