UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6052-CIV-FERGUSON
97-6174-CR-FERGUSON

LARRY LEE DEROSE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

NIGHT BOX
FILED
AUG 2 8 2001
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## GOVERNMENT'S RESPONSE TO MOVANT'S AMENDED MOTION
## TO VACATE, SENTENCE PURSUANT TO 28 U.S.C. §2255

The United States of America, by and through its undersigned Assistant United States Attorney, hereby responds to Movant's amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 and shows the same should be denied for the following reasons:

    I.    A FEDERAL COURT'S REVIEW IN A 2255 PROCEEDING OF THE CONSTITUTIONALITY OF A CHALLENGED STATE CONVICTION IS LIMITED TO WHETHER THE DEFENDANT'S RIGHT TO COUNSEL WAS HONORED.

    II.    THE MOVANT'S GUILTY PLEA WAS VOLUNTARY AND KNOWING BECAUSE THE CASE WAS NOT "TRIABLE."

Wherefore, for the foregoing reasons, the United States of America respectfully requests that this Honorable Court deny the movant's 28 U.S.C. §2255 motion.

**ARGUMENT**

I. A FEDERAL COURT'S REVIEW IN A 2255 PROCEEDING OF THE CONSTITUTIONALITY OF A CHALLENGED STATE CONVICTION IS LIMITED TO WHETHER THE DEFENDANT'S RIGHT TO COUNSEL WAS HONORED.

The original Title 28, United States Code, Section 2255 petition filed by defense counsel on behalf of his client sought a reduction of his client's sentence below the 15-year minimum mandatory term of imprisonment requirement of Title 18 United States Code Section 924(e) because DeRose's, in his counsel's opinion, predicate qualifying state felony convictions were constitutionally deficient. Defense counsel has advocated the argument that a federal court can function as a court of review to examine the constitutionality of a change of plea process in a state court years after its occurrence despite the absence of complete records, the testimony of the participants, and the unavailability of transcripts. The movant sought such a review by this Court of his 1988 convictions despite all the attended cited problems. Defense counsel has failed to comprehend or ignored the distinction made by the appeal courts in the scope permitted federal district courts to review the constitutionality of prior state court convictions depended upon whether the movant's challenge was brought pursuant to Title 28, United States Code, Section 2254 or Section 2255. Federal courts exercise jurisdiction over petitions brought pursuant to §2254 because a prisoner in state custody is challenging the legality of his incarceration. However, a §2255 prisoner is in federal custody and inmates, such as DeRose, are challenging the length of his federal term of incarceration based upon his prior state convictions. Obviously, the filing of a §2254 petition causes the underlying state conviction to be examined by the nature of the pleading itself. Simply filing a §2255

petition does not permit a federal prisoner to challenge the constitutionality of his previous state convictions. A §2255 petition is a vehicle by which a federal prisoner can challenge his federal conviction that is the reason for his present incarceration. As previously argued in the government's original response, a federal court is not permitted to supplant itself as a state trial court because of the inherent hazards attendant with such a procedure. "Federal courts are not forums in which to relitigate state trials." Barefoot v. Estelle, 463 U.S. 880, 887 (1983). A federal prisoner cannot challenge a facially valid prior state judgment of conviction used to enhance his Armed Career Criminal Act sentence except on the ground that the previous state conviction was obtained in violation of his right to counsel under Gideon v. Wainwright, 372 U.S. 335 (1963). Custis v. United States, 511 U.S. at 496; United States v. Farris, 77 F.3d 391, 397 (11th Cir. 1996). The Supreme Court found as irrelevant that one of the defendant's previous convictions was obtained without "the effective assistance of counsel," "that [the defendant's] guilty plea [to another prior offense] was not knowing and intelligent," and "that [the defendant] had not been adequately advised of his rights in opting for a 'stipulated facts' trial" in a third prior case. Id. at 496. "Custis invites us to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in Gideon. We decline to do so." Id. State appellant courts are best suited to conduct such a review process. "Ease of administration also supports the distinction (the limitation of federal review of the constitutionality of prior state convictions to the absence of counsel). As revealed in a number of the cases cited in this opinion, failure to appoint counsel at all will generally appear from the judgment roll itself, or from an accompanying minute order. But determination of claims of ineffective assistance of counsel, and failure to assure that

a guilty plea was voluntary, would require sentencing courts to rummage through frequently nonexistent or difficult to obtain state court transcripts or records that may date from another era, and may come from any one of the 50 States." Custis, 511 U.S. at 496. Appeal procedures exist in the state court system for a defendant to pursue a challenge to any infirmity he perceives in a state conviction. The fact a defendant does not become aware of a constitutional challenge to a previous state conviction until after the time to challenge the same has expired because another arrest for a crime he has committed subjects him to a federal minimum mandatory imprisonment term of fifteen years is a consequence of his own criminal recidivism and not a matter for the federal court's concern.

Defense counsel incorrectly states the Supreme Court's opinion in Daniels v. United States, 121 S.Ct. 1578 (2001) changed the law as established by Custis v. United States, 511 U.S. at 485 (1994). Defense counsel is unable to cite a single passage within Daniels overruling, modifying, or limiting the Custis opinion. Instead, the Supreme Court extended Custis' limited constitutionality review by a federal district court judge at the sentencing of a 924(e) defendant's prior state court felony convictions to whether the defendant was represented by counsel to collateral challenges such as DeRose's Title 28, United States Code, Section 2255 petition. The Supreme Court held in Daniels that (1) with the sole exception of convictions obtained in violation of the right to counsel, a motion to vacate, set aside, or correct sentence is not the appropriate vehicle for determining whether a conviction later used to enhance a federal sentence under the Armed Career Criminal Act was unconstitutionally obtained, and (2) if a prior conviction used to enhance a federal sentence under the Armed Career Criminal Act is no longer open to direct or collateral

attack in its own right because the defendant failed to pursue those remedies while they were available or because the defendant did so unsuccessfully, the defendant is without recourse and may not collaterally attack his prior conviction through a motion to vacate, set aside, or correct sentence in federal court.

## II.   THE MOVANT'S GUILTY PLEA WAS VOLUNTARY AND KNOWING BECAUSE THE CASE WAS NOT "TRIABLE."

Defense counsel now seeks to modify his §2255 petition to challenge the conviction instead of the sentence. The government submits that the executed plea agreement and record of the guilty plea proceeding carry a strong presumption of veracity and constitute a "formidable barrier" in subsequent collateral proceedings. Blackledge v. Allison, 431 U.S. 63, 74 (1977); United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988); United States v. Hauring, 790 F.2d 1570, 1571 (11th Cir. 1986); Downs-Morgan v. United States, 765 F.2d 1534, 1541 n.14 (11th Cir. 1985). The guilty plea of the movant was not made pursuant to Federal Rule of Criminal Procedure 11(e). The plea agreement contains no conditional provisions allowing the withdrawal of DeRose's guilty plea under any circumstances. In fact, paragraphs two and eight of the plea agreement specifically state, contrarily, that the movant will not be able to withdraw his guilty plea.

The record of the guilty plea proceeding demonstrates that this Court complied with the dictates of Federal Rule of Criminal Procedure 11. After DeRose was sworn, the Court advised the movant that he must truthfully answer all the questions put to him and that, if he did not answer truthfully, he would be committing the crime of perjury, the movant assured the Court that:

    1. He wanted to plead guilty (Tr. at 2, 14);

2. He was not under the influence of any drugs, alcohol, or medications which would affect his ability to understand the proceedings (Tr. at 7);

3. He had committed the offenses with which he had been charged and to which he was pleading guilty, and agreed with the government's proffer of the evidence with respect to each charge (Tr. at 9-13);

4. He understood the rights he would be waiving if he persisted in pleading guilty (Tr. at 7-9);

5. He understood the maximum statutory penalties for the offenses and that he could be sentenced up to the maximum penalties (Tr. at 5);

6. No one had used any threats, force, pressure, coercion or intimidation to cause him to plead guilty (Tr. at 2); and,

7. He had executed the plea agreement; that he had discussed it fully with counsel prior to executing it and understood his counsel's advice with respect thereto; that he had no questions about the plea agreement; and that there were no other agreements other than those contained in the written plea agreement (Tr. at 3-6).

Both defense counsel and the Court acknowledged that to do what defense counsel seeks through the modification of the instant §2255 petition, challenge the facts underlying the case, would prove at trial to be futile:

AFPD DAY: *This is **not** a triable case.* **The defendant pawned a shotgun.** *There is no reason for a trial in the case.*

THE COURT: Having heard the Government's proffer, I think you were wise to counsel your client to accept the plea.

Tr. at 18.

If the instant case was not triable at the time of the change of plea and no reason existed for a trial, the movant cannot provide justification to support his motion to withdraw

-6-

his guilty plea: the movant received the full bargain of his plea agreement, his lawyer was not ineffective for pleading him guilty since he was guilty, and no newly discovered evidence has been found exculpating the movant because he admittedly is guilty as charged.

Defense counsel cites his client's now unrewarded reliance upon the §2255 petition challenge being filed and successfully attacking his prior state court convictions and thereby causing DeRose to be sentenced below the Title 18, United States Code, Section 924(e) mandatory minimum 15-year sentence makes his guilty plea involuntary. An inane and inapplicable analogy is made by defense counsel to ex post facto cases wherein defendants that had lost vested rights to provisional early prison release credits by legislatively enacted retroactively applied laws had said rights restored by the courts. Lyncee v. Mathis, 519 U.S. 433 (1997); Weaver v. Graham, 450 U.S. 24 (1981). Daniels is a Supreme Court ruling interpreting law that did not violate retroactively strip the movant of a vested right.

Defense counsel did note at the change of plea that he planned to file a §2255 petition challenging the constitutionality of the state felony convictions that subjected DeRose to the Title 18, United States Code, Section 924(e) 15-year mandatory minimum penalty. Defense counsel also noted the government's refusal to stipulate or admit that said state felony convictions of DeRose were constitutionally infirm or could be the subject matter of a §2255 petition. Tr. at 18. If DeRose relied to his detriment on said promise in pleading guilty, the filing of the movant's amended pleading was the first notice of the existence of the same to the Government and the Court. Such promise or guarantee was not a term of the plea agreement and was not made a condition of the guilty plea during

the colloquy. The Government cannot breach a term of a plea agreement that does not exist and the Court cannot order specific performance of the term of a plea agreement that is not made known to all concerned.[1]

DeRose's remedy lies with an action against his counsel for him not specifically performing as he promised if such a promise was made and not this pleading attacking the validity of his voluntary and knowing guilty plea. The only person that could have promised DeRose that the outcome of the filing of a §2255 petition on his behalf would be a sentence shorter that the Title 18, United States Code, Section 924(e) mandatory minimum 15-year penalty would be defense counsel. The law is always in a state of flux and it is doubtful defense counsel promised or guaranteed such an outcome to the movant. The movant may have hoped for such a result, but the certainty of such a decision was always problematic. If the movant was told otherwise by his counsel, his remedy is not the withdrawal of his voluntary and knowing guilty plea in this case but different actions in other courts and administrative bodies. The government cannot be penalized for promises made by a defense attorney to his client.

A defendant is not entitled to disown his solemn admission in open court that he committed the act with which he is charged simply because the defendant and his counsel did not correctly assess every relevant factor entering into his decision. A voluntary plea of guilty, in the absence of misrepresentation or other impermissible conduct by government agents, intelligently made in light of then applicable law does not become

---

[1] Defense counsel's citation to cases involving governmental breach of plea agreements and specific performance orders by courts [Santobello v. New York, 404 U.S. 257 (1971); Correale v. United States, 479 U.S. 944 (1973)] are as functional to this case as walking shoes are to a snake.

vulnerable because subsequent judicial decisions indicate that the plea rested upon a faulty premise. Brady v. United States, 397 U.S. 742, 756, 757 (1970).

Wherefore, for the foregoing reasons, the United States of America respectfully requests that the movant's original and amended Title 28, United States Code, Section 2255 petitions to vacate, set aside, or correct sentence be denied.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
BAR NO. A5500077
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, FL 33394
Telephone (954) 356-7255
Fax (954) 356-7336

## CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing response has been forwarded, postage prepaid, this 29th day of August 2001 to: Timothy M. Day, Assistant Federal Public Defender, 101 NE Third Avenue, Suite 202, Fort Lauderdale, Florida 33301-1100.

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY